IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARTIE C. CHRISTIAN, JR. ) | |
| ) | |
| VS. ) | 3-98-CV-2174-R |
| ) | |
| THE CITY OF DALLAS, ET AL ) | |

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On this date came on to be considered Defendants' Motion for Discovery Sanctions filed on August 18, 1999, and the magistrate judge makes the following findings and recommendation pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and (C):

In their motion Defendants seek sanctions pursuant to Rule 37(b)(2) based upon Plaintiff's failure to comply with an order of this court filed on June 14, 1999. Plaintiff has not filed a timely response to Defendants' motion.

The record reflects that a hearing was held before the undersigned magistrate judge on Defendants' Motion to Compel filed on May 11, 1999. In essence Defendants' former motion related to their interrogatories and Rule 34 requests which had been served on Plaintiff on or about December 13, 1998. Specifically Defendants complained about the sufficiency of Plaintiff's answers to certain of their interrogatories and the failure of Plaintiff to respond to their Rule 34 requests.

At the hearing the court admonished Plaintiff, who is proceeding pro se in this action that since he had initiated this action, he was expected and required to provide discovery to Defendants to which they were entitled under the Federal Rules of Civil Procedure.

On June 14, 1999, the court filed its order granting Defendants' motion in part requiring Plaintiff to serve full and complete answers to specified interrogatories within ten days as well



as a response to Defendants' Rule 34 request. The court further ordered that any documents not previously produced would be made available for inspection and copying at Defendants' counsel's office, unless extended by agreement. See order filed on June 14, 1999.

Plaintiff did not timely comply with the court's order, nor as of the date on which Defendants' motion was filed has he served his answers to the interrogatories specified in the June 14, 1999 order nor had he produced the documents which he was required to produce.

Plaintiff has shown a pattern of discovery abuse in this case which warrants an order of dismissal of his complaint pursuant to Rule 34(b)(2)(C).

After filing this action nearly one year ago Plaintiff has persistently refused to provide Defendants with discovery. As to Defendants' former motion, Plaintiff did not even file a response. Because of his <u>pro se</u> status the court held a hearing rather than summarily granting Defendants' unopposed motion. Irrespective of whether he had filed a repsonse, it is clear that Defendants were entitled to the relief granted in the court's June 14, 1999 order. It is readily apparent that the court's admonitions to Plaintiff at the hearing fell on deaf ears, as evidenced by Plaintiff's failure to comply with the order. Despite the fact that the discovery deadline has passed in this case Plaintiff has yet to provide Defendants with the discovery first sought in December 1998. Both Plaintiff's failure to provide this discovery prior to judicial intervention and his failure to comply with the court's order of June 14, 1999 - despite the court's rather pointed observations - establish that sanctions less than dismissal are insufficient to insure that Defendants will be able to obtain the discovery to which they are entitled.

RECOMMENDATION:

For the foregoing response it is recommended that the District Court enter its order

2

dismissing Plaintiff's complaint pursuant to Rule 37(b)(2)(c) and that judgment be entered dismissing his claims against Defendants with prejudice.

A copy of this recommendation shall be transmitted to Plaintiff and counsel for Defendants.

                                                   */s/ Wm. F. Sanderson, Jr.*
                                          UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that a party wishes to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United States Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc) a party's failure to file written objections to this recommendation within such ten day period may bar a de novo determination by the District Judge of any findings of fact or conclusions of law and shall bar such party, except upon grounds of plain error from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the District Court.